UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV00609 ERW |
| | ) | |
| INTERNAL REVENUE SERVICE | ) | |
| OF THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Internal Revenue Service of the United

States of America's ("United States") Motion to Dismiss [ECF No. 2], and the United State's

Motion to Strike Plaintiff William Vaughn's ("Plaintiff") Response as Untimely Filed [ECF No.

6].

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 12, 2013, Plaintiff filed a Complaint against the United States, asserting claims

for duress and fraud, and seeking money damages for "the illegal collection of internal-revenue

taxes, penalties, and interest charges" [ECF No. 1 at 1].  In his Complaint, Plaintff contends that

the term "income" in the Sixteenth Amendment does not pertain to wages such as those earned

by him, and that the Sixteenth Amendment does not grant Congress the power to collect taxes on

gross income.  Plaintiff alleges that, because he interprets the tax law as not defining his wages as

income, he recorded total income of $0.00 on Initial Joint Returns filed on behalf of himself and

his spouse for the years 2008 through 2011.  As the basis for his duress and fraud claims,

Plaintiff alleges that the United States made false statements regarding his filing status that

misrepresented Plaintiff's wages as income, and labeled his and his spouse's Initial Joint Returns

as frivolous; and that the United States threatened Plaintiff and his spouse with a monetary penalty unless they corrected their joint returns.  Plaintiff also alleges that he filed Corrected Joint Returns, receiving refunds from the IRS, and that the IRS demanded additional monies as penalties and interest, which he involuntarily paid.   In addition to compensatory (seeking refund of all taxes and penalties paid for the years 2008 and following) and punitive damages, Plaintiff seeks prejudgment interest, an injunction against the IRS, and declaratory relief, including a lifetime exemption from having to pay federal income taxes.

Thereafter, the United States filed a Motion to Dismiss on May 31, asserting that Plaintiff failed to state a claim for compensatory damages under 26 U.S.C. § 7433, and contending that the Court lacks subject matter jurisdiction [ECF No. 2].  The United States additionally claims that the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), bar the injunctive and declaratory relief Plaintiff seeks.  As well, the United States contends Plaintiff is making numerous tax-defier type arguments that should be summarily dismissed as patently frivolous.

On June 17,  Plaintiff filed a "Notice of Receipt," acknowledging that he had received the United States' Motion to Dismiss, via United States mail, on June 6, 2013 [ECF No. 4].  Plaintiff filed "Plaintiff's Memorandum in Opposition to United States' Motion to Dismiss" on July 1 [ECF No. 5].  On July 2, the United States filed its Motion to Strike Plaintiff William Vaughn's Response as Untimely Filed [ECF No. 6].  Plaintiff filed his Memorandum in Opposition re Motion to Strike Response on July 16, 2013 [ECF No. 8].

## II.     LEGAL STANDARD

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  The purpose of a motion to

dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).

Rule 12(b)(1) provides that a claim may be dismissed for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge to a Complaint can be either to the face of the Complaint, or to the factual truthfulness of its allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When a Complaint is facially challenged, courts presume all of the factual allegations concerning jurisdiction are true. *Id.* The motion succeeds if the plaintiff fails to allege a necessary subject-matter jurisdiction element. *Id.*

## III. DISCUSSION

### A. Motion to Strike Response as Untimely Filed

The United States correctly argues that Plaintiff's Response to its Motion to Dismiss was untimely. However, the Court has carefully reviewed Plaintiff's Response and finds that it need not be stricken. As explained below, none of the arguments set forth in the Response are

sufficient to overcome the Complaint's deficiencies. Therefore, the United States' Motion to Strike [ECF No. 6] will be denied as moot.

**B. Motion to Dismiss**

In its Motion to Dismiss, the United States asserts that Plaintiff's Complaint fails to state a claim for compensatory damages under Fed. R. Civ. P. 12(b)(6), and that the Court lacks subject matter jurisdiction over all of Plaintiff's other claims, under Fed. R. Civ. P. 12(b)(1).

**1. Compensatory Damages Claim**

The United States argues that Plaintiff's claim for compensatory damages is legally insufficient, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 3]. The United States asserts that Plaintiff's Complaint fails to allege that Plaintiff exhausted his administrative remedies before he filed this suit claiming damages, and it contends the Court should dismiss Plaintiff's compensatory damages claim because Plaintiff has not satisfied the exhaustion requirement of 26 C.F.R. § 301.7433-1. The United States further contends that, even if Plaintiff had alleged he had exhausted his administrative remedies, Plaintiff's Complaint still fails to state a claim for damages, as his "claim that wages are not income for the purposes of taxation is merely shopworn tax-defier rhetoric that has been consistently and soundly rejected by the federal courts" [ECF No. 3 at 6].

An examination of Plaintiff's Complaint reveals that, as compensatory damages, Plaintiff is seeking the amount of all taxes paid on wages for the 2008 and following tax years, and the amount of the penalties he "involuntarily" paid. Essentially, the prayer of Plaintiff's Complaint seeks a tax refund. Although 28 U.S.C. § 1346(a)(1) "operates in conjunction with 26 U.S.C. § 7422 to provide a waiver of sovereign immunity in tax refund suits . . . when the taxpayer has fully paid the tax and filed an administrative claim for a refund[,]" Plaintiff has failed to allege to

allege that he has filed a proper administrative claim for refund with the IRS. *See Williams v. Internal Revenue Serv.*, 2007 WL 1965545 at *1 (E.D. Mo. July 2, 2007). Because Plaintiff has not stated, nor do the pleading before the Court show, that Plaintiff has satisfied the conditions set forth in section 7422, this Court lacks subject matter over any claim asserted for recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, regardless of how the claim may be labeled. *See Hansen v. United States*, 248 F.3d 761, 764 (8th Cir. 2001).

Plaintiff has asserted allegations of fraud and duress. Section 7433(a) of the Internal Revenue Code permits taxpayers to bring civil actions for damages against the United States '"[i]f, in connection with the collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433(a). The pertinent IRS regulation, 26 C.F.R. § 301.7433-1(d), requires taxpayers to file an administrative claim with the agency before filing an action in federal district court seeking civil damages. *See also* 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."). Subsection (e) of the regulation outlines the procedure taxpayers must follow in presenting their administrative claims, and, among other things, requires taxpayers to present their claim in writing to the Area Director, of the area in which the taxpayer resides, addressed to the attention of the area's Compliance Technical Support Manager. 26 C.F.R. § 301.7433-1(e).

Plaintiff's Complaint does not allege that he filed an administrative claim in the manner prescribed by 26 C.F.R. § 301.7433-1. Instead, Plaintiff's Complaint avers that he sent certified

correspondence to the former IRS Commissioner, asking him "to provide authoritative law that defined Plaintiff's wages as income" [ECF Nos. 1 at 2, 1-4].   Plaintiff has not exhausted his administrative remedies; in fact, his pleadings do not claim that he even minimally complied with the exhaustion requirement.   The United States timely raises failure to exhaust as a defense in its Motion to Dismiss.  The exhaustion requirement of Section 7433-1(d) is "a congressionally established exhaustion imperative, not a judicially created one, and accordingly the courts lack discretion to waive it."  *Hoogerheide v. Internal Revenue Serv.*, 637 F.3d 634, 639 (6th Cir. 2011); *Piciulo v. Brown*, 2005 WL 1926688 at *3-4 (E.D. Mo. May 25, 2005).  Therefore, Plaintiff's claim for compensatory damages must be dismissed for failure to exhaust his administrative remedies.

Moreover, even if Plaintiff had complied with the exhaustion requirement, the United States would succeed on its Motion to Dismiss as to his claim for damages, because Plaintiff's Complaint fails to state a claim upon which relief may be granted.  Plaintiff's entire action is premised upon his argument that his wages are not income.  As noted by another court in this district, "[e]very court which has ever considered the issue has unequivocally rejected the argument that wages are not income."  *Kelly v. United States*, 209 F.Supp.2d 981, 992 (E.D. Mo. April 19, 2002)(internal quotation and citation omitted).  The Eighth Circuit has found appeals asserting such arguments to be meritless and frivolous, and has stated that "it is clear Congress intended to tax income from whatever source derived."  *U.S. v. Francisco*, 614 F.2d 617, 619 (8th Cir. 1980).  *See also* 26 U.S.C. § 61 ("gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, fringe benefits, and similar items[.]"); *Funk v. C.I.R.*, 687 F.2d 264, 265 (8th Cir. 1982) ("Taxpayers' argument that wages received for services are not taxable as

income is clearly frivolous."). "[W]ages are within the definition of income under the Internal Revenue Code and the Sixteenth Amendment, and are subject to taxation." *United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993). The Court will dismiss Plaintiff's compensatory damages claim.

### 2. Plaintiff's Claims for Prejudgment Interest, and Punitive Damages

Plaintiff's Complaint seeks "prejudgment interest at the highest legal rate" from the date of the each alleged incident of fraud and duress; and punitive damages in the amount of "5,000 times the combined compensatory damages and prejudgment interest" for each alleged incident of fraud, and in the amount of "10,000 times the combined compensatory damages and prejudgment interest" for each alleged incident of duress.

The United States contends this Court lacks subject matter jurisdiction over Vaughn's claims for punitive damages, because the United States has not consented to be sued for punitive damages, and thus has not waived its sovereign immunity. The Court again agrees. Section 7433 does not provide punitive damages as a remedy for reckless or intentional disregard of any provision of the tax code or IRS regulation. *See* 26 U.S.C. § 7433. Moreover, Plaintiff's claim for punitive damages, and for "prejudgment interest" fail for the same reasons as did his compensatory damages claim. As discussed above, Plaintiff fails to allege that he has exhausted his administrative remedies, and his Complaint, based in its entirety upon an argument soundly rejected by this Circuit as meritless and frivolous, fails to state a claim upon which relief may be granted. Therefore, the Court will dismiss Plaintiff's claims for punitive damages and prejudgment interest.

### 3. Plaintiff's Request for Declaratory and Injunctive Relief

Plaintiff's Complaint includes a request that the Court issue an Order granting a lifetime exemption from paying taxes on wages derived from labor, for himself, his spouse, and for all his descendants. In its Motion to Dismiss, the United States claims that this Court lacks subject matter jurisdiction to grant the declaratory and injunctive relief requested by Plaintiff. This Court agrees.

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)(internal quotations and citation omitted). The general rule is that federal courts do not have power to issue declaratory judgments, and Plaintiff has failed to indicate that this case involves any exception. *See* 26 U.S.C. § 7428 (exception for declaratory judgments relating to status and classification of organizations under section 501(c)(3), etc.); 28 U.S.C. § 2201 (creating remedy in which federal court could declare rights and other legal relations of interested parties in civil actions, but excepting, inter alia, controversies respecting Federal taxes other than actions brought under section 7428 of the Internal Revenue Code); *Ginter v. United States*, 815 F.Supp. 1289, 1293 (W.D. Jan. 6, 1993). Here, Plaintiff is seeking to prohibit the IRS from collecting any future taxes from himself, his spouse, and his descendants. Such an action is expressly prohibited by the federal Anti-Injunction Act, 26 U.S.C. § 7421(a):

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a), and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

Plaintiff has failed to establish that any of the listed exceptions exist in this matter. The purpose of Section 7421 is to withdraw state and federal court jurisdiction over suits seeking injunctions barring the collection of federal taxes. *J. L. Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 5-6 (1962). Consequently, this Court lacks subject matter jurisdiction to grant the declaratory and injunctive relief Plaintiff requests, and will dismiss Plaintiff's equitable claims.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss [ECF No. 2] is **GRANTED.** Plaintiff's Complaint [ECF No. 1] is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the United States' Motion to Strike Response as Untimely Filed [ECF No. 6] is **DENIED as moot**.

Dated this __29th__ day of July, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE