UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM VAUGHN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:13CV00609 ERW |
| INTERNAL REVENUE SERVICE OF THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff William Vaughn's ("Plaintiff") Motion to Amend Judgment [ECF No. 11].

## I. BACKGROUND

On April 12, 2013, Plaintiff filed a Complaint against the United States, asserting claims for duress and fraud, and seeking money damages for "the illegal collection of internal-revenue taxes, penalties, and interest charges" [ECF No. 1 at 1]. In his Complaint, Plaintff contended that the term "income" in the Sixteenth Amendment does not pertain to wages such as those earned by him, and that the Sixteenth Amendment does not grant Congress the power to collect taxes on gross income. Plaintiff alleged that, because he interprets the tax law as not defining his wages as income, he recorded total income of $0.00 on Initial Joint Returns filed on behalf of himself and his spouse for the years 2008 through 2011. As the basis for his duress and fraud claims, Plaintiff alleged that the United States made false statements regarding his filing status that misrepresented Plaintiff's wages as income, and labeled his and his spouse's Initial Joint Returns as frivolous; and that the United States threatened Plaintiff and his spouse with a monetary penalty unless they corrected their joint returns. Plaintiff also alleged that he filed Corrected

Joint Returns, receiving refunds from the IRS, and that the IRS demanded additional monies as penalties and interest, which he involuntarily paid. In addition to compensatory (seeking refund of all taxes and penalties paid for the years 2008 and following) and punitive damages, Plaintiff sought prejudgment interest, an injunction against the IRS, and declaratory relief, including a lifetime exemption from having to pay federal income taxes.

Thereafter, the United States filed a Motion to Dismiss on May 31, asserting that Plaintiff failed to state a claim for compensatory damages under 26 U.S.C. § 7433, and contending that the Court lacked subject matter jurisdiction [ECF No. 2]. The United States additionally claimed that the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201(a), bar the injunctive and declaratory relief Plaintiff seeks. As well, the United States contended Plaintiff is making numerous tax-defier type arguments that should be summarily dismissed as patently frivolous.

On June 17, Plaintiff filed a "Notice of Receipt," acknowledging that he had received the United States' Motion to Dismiss, via United States mail, on June 6, 2013 [ECF No. 4]. Plaintiff filed "Plaintiff's Memorandum in Opposition to United States' Motion to Dismiss" on July 1 [ECF No. 5]. On July 2, the United States filed its Motion to Strike Plaintiff William Vaughn's Response as Untimely Filed [ECF No. 6]. Plaintiff filed his Memorandum in Opposition re Motion to Strike Response on July 16, 2013 [ECF No. 8].

On July 29, 2013, this Court entered an Order and Judgment, granting the United States' Motion to Dismiss, and dismissing with prejudice Plaintiff's claims against the United States [ECF Nos. 9, 10]. Plaintiff filed his Motion to Amend Judgment on August 23, 2013 [ECF No. 11]. The United States filed its Response on August 30 [ECF No. 12], and Plaintiff submitted his Reply on September 10, 2013 [ECF No. 13].

## II. LEGAL STANDARD

Plaintiff asserts his Motion under Federal Civil Procedure Rule 59(e). Rule 59(e) was originally "adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (quoting Notes of Advisory Committee on 1946 Amendment to Rules). Rule 59(e) motions are used to correct manifest errors of law or fact, or to present newly discovered evidence. *See United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P. T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

## III. DISCUSSION

Plaintiff filed his instant motion, pursuant to Federal Rule of Civil Procedure 59(e), requesting this Court to alter or amend its July 29th determination, contending that the Court "legally erred by not assuming the Plaintiff's wages are not income"; "legally erred by implying that all wages are within the definition of income"; and "legally erred by substituting the word 'gross income' for 'income'" [ECF No. 11-1 at 6, 9, 10]. Plaintiff also argues "[t]he Court factually erred by asserting that Plaintiff's complaint fails to state a claim upon which relief may be granted" and "factually erred by not drawing a reasonable inference that IRS is liable for the misconduct alleged by Plaintiff" [ECF No. 11-1 at 7]. Alternatively, Plaintiff requests that he be allowed to file an amended complaint, claiming that his proposed complaint cures all deficiencies of his initial pleading [ECF Nos. 11; 11-1 at 10-11; 11-2]. In his Motion and supporting

Memorandum [ECF Nos. 11, 11-1], Plaintiff reiterates his argument that his wages are not income.

In its Response in Opposition to Plaintiff's Motion to Amend Judgment, the United States contends that Plaintiff's motion "merely rehashes arguments that have already been considered and rejected by the Court" [ECF No. 12]. The United States further asserts that Plaintiff should not be permitted to amend his complaint post-judgment. This Court agrees.

Plaintiff's taxpayer arguments were considered and denied by this Court, for the reasons stated in its prior Order. Plaintiff's entire action is premised upon his argument that his wages are not income -- an argument that has been unequivocally rejected by every court that has ever considered the issue. *See Kelly v. United States*, 209 F.Supp.2d 981, 992 (E.D. Mo. April 19, 2002). Such arguments are meritless and frivolous, as Congress clearly intended to tax income from whatever source derived. *See U.S. v. Francisco*, 614 F.2d 617, 619 (8th Cir. 1980). The Court finds that Plaintiff's Motion should be denied. Plaintiff does not claim to present newly discovered evidence, and he has not identified a manifest error of law or fact. *See Metro St. Louis Sewer Dist.*, 440 F.3d at 933. Most significantly, Plaintiff has not established any reason that would justify his requested relief, nor has he shown that a hearing on the matter would probably produce a different result. The Court will deny Plaintiff's Motion to Amend Judgment.

The Court further finds that Plaintiff's post-judgment request to file an amended complaint should be denied. Plaintiff's proposed amended complaint relies upon the same facts and legal arguments as his original complaint, which as explained above, were frivolous. Plaintiff's amendment is futile. Consequently, the Court will deny his request. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224-25 (8th Cir. 1994)(although leave to amend should be freely given when justice so requires, permission may be withheld if plaintiff does not

have at least colorable grounds for relief; good reason to deny leave to amend exists where claim is legally insufficient on its face or if amendment would be futile).

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Judgment [ECF No. 11] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's request to file an amended complaint is **DENIED.**

Dated this ___9th___ day of October, 2013.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE